Stanwood v. Smith.

E. W. STANWOOD

v.

HARMON R. SMITH, Adm'r.

1. PAYMENT—APPLICATION.—In the absence of any agreement between the parties to make the application of an open, unstated account between them in payment of notes held by one against the other, no such application could be made.

2. PROMISSORY NOTE—ACCOUNT—STATUTE OF LIMITATIONS.—And where suit was brought upon the notes within sixteen years, the limitation of the notes, and it appeared that more than five years had elapsed after the cause of action upon the account had accrued, the Statute of Limitations operated against the account, and in the absence of any agreement to that effect, the account will not be considered as paid by an application upon the notes.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. WALTER G. GOODRICH, for appellant; that to take a case out of the bar of the Statute of Limitations, there must be an unequivocal promise, cited Kimnel v. Schwartz, Breese, 278; Ayers v. Richards, 12 Ill. 147; Parsons v. Nor. C. & I. Co. 38 Ill. 430; Wachter v. Albee, 80 Ill. 47; McGrew et al. v. Forsyth, 80 Ill. 596; Mullett v. Shrumph et al. 27 Ill. 110.

Against the right to set off a stale claim: Keener v. Crull, 19 Ill. 189.

The law in force at the time of making the contract, will govern: Crabtree v. Hagenbaugh, 25 Ill. 233; Dickson v. C. B. & Q. R. R. Co. 77 Ill. 331.

Claims against an estate must be presented within two years: Dickerson v. Sutton, 40 Ill. 403; Wells v. Miller, 45 Ill. 82; Shepard v. Rhodes, 60 Ill. 301.

In a case like this, the Statute of Limitations need not be specially pleaded: Thompson v. Reid, 48 Ill. 118.

A demand barred by the statute cannot be set off: Angell on Limitations, Chap. 2, § 23.

Messrs. WILSON & PERRY, for appellee; that this court will not review the finding of the court below, because neither exceptions to the finding nor any motion for a new trial are embodied in the bill of exceptions, cited Bills v. Stanton, 69 Ill. 51; Force Mfg. Co. v. Horton, 74 Ill. 310; Nimmo v. Kuykendall, 85 Ill. 477.

MURPHY, P. J. On the 21st day of March, 1863, Hiram Longley, in his lifetime, made his promissory note for $500, and on the 27th day of January, 1864, he made his other promissory note for $500, each due one day after date, payable to the order of Andrew J. Hayward, with interest at the rate of ten per cent. per annum. Some time in the year 1872 said Hayward departed this life, these notes at the time being in his possession. Pliny Hayward was appointed executor of his last will and testament, and immediately entered upon the discharge of his duties as such. In the course of his duties as executor, he sold and transferred the notes above mentioned to the appellant, by indorsement thereon, in consideration of the payment of $500 to one of the legatees under the will of said A. J. Hayward, deceased, and some other trifling consideration. On the 15th day of February, 1877, Hiram Longley departed this life, these notes, still out-standing. On the 8th day of November, 1877, the appellant presented the notes against said Longley's estate, in the Probate Court of Cook County, for allowance.

The appellee set up, by way of defense thereto, an alleged account for the board of said A. J. Hayward and his family, in his lifetime, which account was open and unstated between the parties, and was in the nature of a cross-action against the estate of said Hayward.

On the hearing the court found the issues for the defendant in that court, from which appellant took an appeal to the Circuit Court. At the trial in the Circuit Court a jury was waived, and the cause submitted to the court for trial. The court found the issues joined for the defendants, from which judgment appellant brings the record here, and asks a reversal on the ground that the finding of the court should have been the other way, for the amount of the notes.

It thus appears that after the decease of A. J. Hayward, the payee of the notes, they were sold for a valuable consideration, indorsed over by his executors to the appellant, who brings suit to recover on them. The defense relied upon by the appellee in the court below, was payment. It appears that in the lifetime of Andrew J. Hayward and Hiram Longley, deceased, they had dealings to a very considerable amount; that Hayward and his family boarded with Longley, who was a hotel-keeper, for a long time, the account for which, after Hayward's decease, amounted to $4,283.87. This account bears date, and the liability accrued thereon, June 1st, 1863. Under the Statute of Limitations then in force, the right of action thereon would be barred in five years from that time, and the right of action on the notes would not be barred under sixteen years, within which time this action was instituted. This account is relied upon as a payment of these notes, and it is urged by the appellee that the Statute of Limitations did not run against the account, for the reason that it was applied in payment of the notes, and was itself thus paid.

We have examined the record carefully, and find no proof of any agreement between the parties to make the application of the account in payment of these notes, and in the absence of such agreement no such application could be made.

This account, it will be remembered, is an open, unstated account, and in the absence of any agreement to that effect,

Stanwood v. Smith.

could not be treated as payment of the notes, or as anything but a cross-action in favor of the appellee, and subject to the operation of the Statute of Limitations, the same as any action on open account. It appears that some time in 1868, Longley called upon A. J. Hayward, and had some talk about the state of the accounts, but nothing is shown to have been said or done by Hayward which we think was sufficient in law to take a case out of the operation of the Statute of Limitations, and that therefore the account was barred; and as a consequence, as we have seen, was no defense to the notes. We think the finding and judgment of the court below should have been for the appellant for the amount of the notes; that it was error to find for the appellee; for which error the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.